```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                              |   |                      |
|------------------------------|---|----------------------|
| JOANNA M. SNYDER,            | ) |                      |
|         Plaintiff,           | ) |                      |
|                              | ) |                      |
|         v.                   | ) | Civil Action No.     |
|                              | ) | 18-cv-12590-NMG      |
| JILL ROSENTHAL, et al.,      | ) |                      |
|         Defendants.          | ) |                      |

**MEMORANDUM & ORDER**

**GORTON, J.**

For the reasons stated below, the Court dismisses this action without prejudice.

**I.   Background**

On December 7, 2018, pro se litigant Joanna M. Snyder ("Snyder") filed a complaint under 42 U.S.C. § 1983 ("§ 1983") against her Massachusetts probation officer and her husband's federal probation officer. See Compl. (Docket No. 1). According to her pleading, Snyder resides in Montana, although she previously resided in Massachusetts and served a criminal sentence at MCI Framingham. She represents that on August 1, 2015, prior to the termination of a period of probation, she left Massachusetts, "absconding with good cause." Compl. ¶ 17. This unauthorized departure from the state resulted in the issuance of a Massachusetts "non-extraditable" warrant. Id. ¶ 18.

Sometime before October 2016, Snyder married her current husband.  At the time, he was on probation (or supervised release) on a federal conviction.  Snyder's husband was reincarcerated after a determination that his marriage to Snyder was a violation of the terms of his supervised release.  His projected release date was scheduled for October 26, 2018.

Snyder represents that when her husband reported to his probation officer on October 29, 2018, he was told he could live with Snyder only if she cleared up the matter of her Massachusetts warrant.  The plaintiff maintains that her probation officer conspired with her husband's Federal probation office to ensure that the status of Snyder's warrant be changed from "non-extraditable" to "extraditable" prior to his release.  This plan was purportedly executed for the purpose of keeping the couple apart.

Snyder alleges that, on November 17, 2018, she and her husband were pulled over by law enforcement and arrested on outstanding warrants.  She is now detained at the Flathead County Detention Center ("FCDC") in Kalispell, Montana.  Snyder attached to her complaint a copy of a motion that she presumably filed in the Essex Superior Court in which she asks the court to recall the warrant against her.  She also included copies of letters from her addressed to the Massachusetts Commissioner of

Probation and the Commonwealth's governor in which she asks that the warrant be rescinded.

The plaintiff did not pay the $400 filing fee or file a motion for leave to proceed in forma pauperis. She did file an inmate transaction statement from FCDC covering the periods October 7, 2018 through October 12, 2018 and November 17, 2018 through November 26, 2018.

## II. Discussion

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening. See 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). In conducting this review, the Court liberally construes Snyder's complaint because she is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, Snyder has failed to state a claim upon which relief can be granted. Snyder couches her action as one for "abuse of position, which is causing me to suffer freedom from religious persecution, 1st Amendment, 6th Amendment, Right to Quick & Speedy trial, and 8th Amendment freedom from cruel and unusual

3

punishment." Compl. at 1 (as in original). However, the underlying thrust of all the individual causes of action is the alleged illegality of her confinement. A challenge to the fact or duration of confinement may only be pursued through a petition of a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). Even assuming the "literal applicability," of § 1983 to the defendants' alleged misconduct, because Snyder is challenging the fact of her confinement, her § 1983 claims "must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements." Nelson v. Campbell, 541 U.S. 637, 643 (2004).

If Snyder wishes to challenge the validity of her confinement in a federal court, she may do so by bringing a petition for a writ of habeas corpus.[1]

---

[1] When a person is arrested on an extraditable warrant, she may file a petition for a writ of habeas corpus in the "asylum" state if she contends that the requisites of the federal Extradition Act, 18 U.S.C. § 3182, have not been met. See California v. Superior Ct. of Cal., San Bernadino Cty., 482 U.S. 400, 408 (1987) (stating that, under the Extradition Act, courts of asylum states may only consider four issues before the fugitive is delivered up to the demanding state: "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner

**III. Order**

Accordingly, this action is DISMISSED without prejudice for failure to state a claim upon which relief can be granted. No filing fee shall be assessed.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated: 12/28/18

---

is a fugitive." (quoting <u>Michigan</u> v. <u>Doran</u>, 439 U.S. 282, 289 (1978))). A challenge to the sending state's authority to seek extradition must be brought in courts within the sending state, and federal habeas review is available after the exhaustion of appropriate state remedies. <u>See</u> <u>New Mexico, ex rel. Ortiz</u> v. <u>Reed</u>, 524 U.S. 151, 153 (1998) ("[C]laims relating to what actually happened in the demanding State, the law of the demanding State, and what may be expected to happen in the demanding State when the fugitive returns are issues that must be tried in the courts of that State, and not in those of the asylum State."); 28 U.S.C. § 2254(b)(1).